[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11462

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTWON O'NEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:07-cr-80133-KAM-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Antwon O'Neal, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He argues that the district court abused its discretion in denying his motion because he presented an extraordinary and compelling reason for and the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction. The government filed a motion for summary affirmance of the district court's order denying O'Neal's motion for compassionate release. After careful review, we grant the government's motion for summary affirmance and affirm the district court's order.

**I**

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the denial of a § 3582(c)(1)(A) motion for abuse of discretion because "the statute speaks permissibly." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings

of fact that are clearly erroneous." *Id.* (citation and internal quotation marks omitted).  Under the abuse of discretion standard, "we cannot reverse just because we might have come to a different conclusion" because we recognize that a district court has a "range of choice." *Id.* at 912.

## II

District courts generally lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions.  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  Section 3582 provides, in part, that "the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  A district court must find that all the necessary conditions—the existence of an extraordinary and compelling reason, compliance with U.S.S.G. § 1B1.13's policy statement, and the support of the § 3553(a) factors—are satisfied before it grants a sentence reduction.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).

## A

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A).  *See* U.S.S.G. § 1B1.13.  That Section provides six categories of "extraordinary and compelling reasons" that can support a sentence reduction: (1) the medical

circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant has suffered abuse while in custody; (5) "other reasons," which can be found when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [aforementioned] reasons . . . are similar in gravity to those [reasons];" and (6) when the defendant has served at least 10 years of an "unusually long sentence," whether there has been "a change in the law (other than an amendment to the Guidelines Manual that had not been made retroactive)" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b). "[A] change in the law . . . may be considered" if the defendant had already established an extraordinary or compelling reason to support a reduction. *Id.* § 1B1.13(c).

**B**

Section 1B1.13 also provides that a sentence reduction should only be granted if the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2). Section 3142(g) provides that courts should consider, inter alia: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involved a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, their criminal history; and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

## C

Section 3553(a) provides the factors district courts should consider when initially imposing a sentence: (1) the details of the offense and the characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public; (3) the kinds of sentences available; (4) the relevant Sentencing Guidelines; (5) relevant policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  Generally, district courts have discretion over the weight they give to these factors and need not state on the record that they have explicitly considered each factor or discuss each of them.  *United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013) ("In explaining the sentence, the district court should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision . . . .").

## III

Summary affirmance is appropriate here because the district court did not abuse its discretion in denying O'Neal's motion for compassionate release; thus, the government's position is clearly right as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Even assuming that the length of O'Neal's sentence was an

extraordinary and compelling reason for a sentence reduction based on a change in law, the district court did not abuse its discretion in finding that O'Neal would have posed a danger to the community if released and that the § 3553(a) factors did not weigh in favor of a sentence reduction. *See Harris*, 989 F.3d at 911–12. Additionally, either of those findings alone would have been sufficient to deny the motion. *See Tinker*, 14 F.4th at 1237.

First, the violent nature of O'Neal's offenses and his criminal history support the court's finding that he would have posed a danger to the community if released. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(a)(2). O'Neal disputes the district court's reliance on statements in his presentence investigation report ("PSI") to find that he poses a danger to the community if released. However, O'Neal failed to object to the statements in the PSI—despite the district court giving him the opportunity to do so—at his sentencing. "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes" and "failure to object to a district court's factual findings precludes the argument that there was error in them." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). *See also United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006) (per curiam) ("[The defendant] failed to object to the facts of his prior convictions as contained in his PSI . . . despite several opportunities to do so; thus, he is deemed to have admitted those facts.").

Second, the details of O'Neal's offenses and the need for his sentence to reflect the seriousness of those offenses support the

court's finding that the § 3553(a) factors, which it had the discretion to weigh as it saw fit, did not weigh in favor of a sentence reduction. *See* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A)(i); *Kuhlman*, 711 F.3d at 1326–27. O'Neal argues that the district court abused its discretion by not considering his postsentencing rehabilitation when weighing the § 3553 factors. However, O'Neal raises this argument for the first time on appeal, and "issues not raised below are normally deemed waived." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## IV

We find that the district court did not abuse its discretion when it denied O'Neal's motion for compassionate release. Therefore, we GRANT the government's motion for summary affirmance and AFFIRM the denial of O'Neal's motion for compassionate release.

**AFFIRMED.**